# In the United States Court of Federal Claims

No. 24-1234C
Filed: August 14, 2024
NOT FOR PUBLICATION

---

MARCUS DESHAWN WRIGHT,

      *Plaintiff*,

v.

UNITED STATES,

      *Defendant*.

---

### MEMORANDUM OPINION AND ORDER

The plaintiff, a federal inmate appearing *pro se*, filed a complaint on August 8, 2024. The complaint was docketed on August 12, 2024. The plaintiff seeks damages for alleged violations of his constitutional rights by the Attorney General and federal judicial officials.

The plaintiff filed his complaint without either paying the filing fee or seeking leave to proceed *in forma pauperis*. Normally, the plaintiff would be given 30 days either to pay the filing fee or to seek leave to proceed *in forma pauperis*. As an inmate in both federal or state prisons, however, the plaintiff has had at least three prior suits dismissed by federal courts for failure to state a claim and/or as frivolous. *See* Order of November 27, 2006, *Wright v. Livingston*, No. H-06-3446 (S.D. Tex. Nov. 27, 2006) (listing cases filed by the plaintiff dismissed as frivolous and/or for failure to state a claim). Accordingly, pursuant to 28 U.S.C. § 1915(g), the plaintiff may only proceed *in forma pauperis* if his complaint demonstrates that the plaintiff is under imminent threat of serious physical injury. The complaint fails to do so. The plaintiff must therefore pay the $405 filing fee to proceed with this action.

Requiring the plaintiff to pay the filing fee would be a waste of resources he probably does not have, because the complaint fails to identify a non-frivolous basis for Tucker Act jurisdiction over the plaintiff's claims. Accordingly, the complaint must be dismissed pursuant to Rules 12(b)(1) and 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC").

Before considering the merits of a plaintiff's claims, a court must first determine that it has jurisdiction to hear the case. Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A federal court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis" for the court to take that action. *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006).

The plaintiff is proceeding *pro se*. As a result, his pleadings are entitled to a more liberal construction than they would be given if prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Giving a *pro se* litigant's pleadings a liberal construction does not divest the *pro se* plaintiff of the burden to show that the complaint falls within the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The plaintiff, whose claims are assumed to be true in determining whether jurisdiction exists, *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011), alleges that he is legally blind and suffering from eye disease in both eyes. In his complaint he alleges that prison authorities have carried out "psychological and physical torture" against the plaintiff "in retaliation for [the plaintiff] requesting to be accommodated for his special needs." The plaintiff further alleges he has filed multiple requests for emergency injunctions and temporary restraining orders with both the U.S. District Court for the Eastern District of Kentucky and the Attorney General, and neither intervened. As a result, the plaintiff alleges that he has been "forced to live in the Special Housing Unit [ ] under torturous solitary conditions with no reasonable justification other than for the purpose of causing mental and physical pain upon the complainant for his being Moorish American (Black) and or his being visually disabled." The plaintiff seeks $2 million in damages and "is asking that the defendants respond to his emergency injunctions and TRO[s] upon notice of this instant suit."[1]

The plaintiff's claims do not fall within the limited jurisdiction of the Court of Federal Claims. The court's jurisdiction is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

Relying only on the Tucker Act is insufficient to assert jurisdiction in the Court of Federal Claims. Instead, a plaintiff must plead a claim that is either "(1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the [United States], or (3) based on federal constitutional, statutory, or regulatory law mandating

---

[1] To the extent the plaintiff seeks an order requiring the district court to address any pending motions or for redress of any unfavorable decisions, this court lacks jurisdiction to issue orders to or review the decisions of the district courts. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts.").

compensation by the federal government for damages sustained." *Curie v. United States*, 163 Fed. Cl. 791, 799 (2022) (citing, *inter alia*, *United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009)).  To bring the third type of claim, a plaintiff must allege a violation of a money-mandating source of law.  *Navajo Nation*, 556 U.S. at 290.  A source of law is money-mandating if it "'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *Testan v. United States*, 424 U.S. 392, 400 (1976) (quoting *Eastport S. S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967)).

The claims the plaintiff raises do not fall within the categories of claims the Court of Federal Claims can consider.  The plaintiff does not seek to remedy a breach of contract, does not seek a refund of a prior payment, and does not cite any specific alleged violation of a statutory, regulatory, or constitutional provision.  The plaintiff implicitly appears to be raising constitutional claims under the fifth amendment's due process clause, the eight amendment, and/or the due process or equal protection clauses of the fourteenth amendment.  Claims arising under any of these provisions fall outside this court's jurisdiction because they are not money-mandating.  *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (fifth and fourteenth amendments' due process clauses and fourteenth amendment's equal protection clause are not money-mandating); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (eight amendment is not money-mandating).

To the extent the plaintiff is attempting to raise claims for assault, battery, or intentional infliction of emotional distress, such tort claims are excluded from the court's jurisdiction under 28 U.S.C. § 1491(a)(1).  *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993) (noting that "tort cases are outside the jurisdiction of the Court of Federal Claims").

Before dismissing a complaint for lack of jurisdiction, 28 U.S.C. § 1631 requires the court to consider whether to transfer the case to a federal court that could properly exercise jurisdiction.  While the complaint may state a non-frivolous basis for a suit in a district court, transfer is inappropriate because the complaint reflects that the plaintiff has already filed several motions (implying he has filed at least one complaint) related to the same factual allegations in the U.S. District Court for the Eastern District of Kentucky.  As a result, a transfer of the case to that court would be duplicative and not in the interests of justice.

Even construed liberally, the complaint fails to state a claim for relief that is plausibly within the limited jurisdiction of the Court of Federal Claim.  Accordingly, the complaint is **DISMISSED** without prejudice pursuant to RCFC 12(b)(1) and 12(h)(3).  Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal filed by the plaintiff would not be taken in good faith.  The Clerk is **DIRECTED** to enter judgment accordingly.  No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**